**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50239 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00219-JAK-2 |
| v. | |
| RAYMOND WITZKE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted January 7, 2019
Pasadena, California

Before: TASHIMA and WATFORD, Circuit Judges, and ZOUHARY,[**] District Judge.

Raymond Witzke challenges three probation conditions imposed after his conviction for mail theft in violation of 18 U.S.C. § 1708. We affirm as to two of the conditions and remand for the district court to modify the third.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

**1.** The district court did not procedurally err in imposing Condition 3, the residential drug treatment condition. The district court sufficiently explained its conclusion that residential drug treatment—rather than outpatient treatment—was reasonably necessary, citing Witzke's history of drug abuse, the instability in Witzke's life, and the breach of trust between Witzke and the court resulting from Witzke's having absconded from the residential drug treatment program that he was ordered to complete as a condition of his pretrial release. Contrary to Witzke's argument, the record indicates that the district court did consider whether the attendant deprivations of inpatient treatment were appropriate in light of Witzke's family relationships, as that consideration contributed to the court's decision to modify the condition by granting the probation officer discretion to shorten the length of the treatment. Witzke's argument that the court applied an incorrect legal standard in justifying the condition by stating that inpatient treatment would be more "effective" than outpatient treatment ignores that relative effectiveness is one factor the court was statutorily required to consider, *see* 18 U.S.C. § 3553(a)(2)(D), and that the court had articulated the correct legal standard before imposing the sentence.

**2.** The residential drug treatment condition is not substantively unreasonable. The condition is reasonably related to the goals of deterrence and protection of the public, given that Witzke's criminal history is linked to drug

abuse. *See* U.S.S.G. § 5B1.3(b)(1)(C) & (D). The condition is reasonably necessary to achieve those goals in light of Witzke's history of drug abuse, which includes drug use in violation of a court order two months before sentencing, and the fact that Witzke had agreed to participate in—but then absconded from—a residential drug treatment program months earlier. *See* U.S.S.G. § 5B1.3(b)(2).

**3.** The district court did not plainly err in imposing Condition 11, the computer-search condition. In *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015), we held that the district court did not abuse its discretion in imposing a suspicionless computer-search condition because the district court articulated a nexus between the condition and the goals of supervised release. The district court in this case made no explicit nexus finding, but our holding in *Bare* does not establish plain error here. Unlike the condition at issue in *Bare*, the condition in this case permits a search of Witzke's computer only upon reasonable suspicion both that Witzke has violated one of the conditions of his probation and that his computer contains evidence of the violation. The required nexus between the need for the search and the goals of probation is thus apparent from the face of the condition itself. Witzke emphasizes that his offense of conviction did not involve computer use, but in *Bare* we held that the law does not require a direct nexus between the offense conduct and the computer-search condition. *Id.* at 1019.

**4.** We vacate Condition 12, the notification condition imposed in this case,

because it is overly broad in one respect. We deemed a differently worded version of this condition impermissibly vague in *United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018). The language of the condition in this case does mitigate at least somewhat the notice and discretion concerns we identified in *Evans*. Unlike the condition in *Evans*, the condition imposed in this case requires the probation officer to provide Witzke with notice of the specific disclosures he is required to make, and it cabins the probation officer's discretion by making clear that the probation officer may not simply direct Witzke to notify a broad class of persons about a broad category of risk. But the condition in this case does not explicitly require that the risks requiring disclosure be posed by the defendant. The district court may remedy this deficiency on remand by modifying the condition to conform to the Sentencing Guidelines' current standard notification condition, U.S.S.G. § 5B1.3(c)(12) ("If the probation officer determines that the defendant poses a risk to another person . . . ."), or the standard notification condition in the Central District of California's General Order No. 18-10 ("[T]he defendant must notify specific persons and organizations of specific risks posed by the defendant . . . .").

**AFFIRMED in part, VACATED in part, and REMANDED.**